# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ALAN BOUDREAUX (#254702)**                              **CIVIL ACTION**

**VERSUS**

**JASON KENT, WARDEN**                              **NO. 17-1280-SDD-EWD**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 11, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ALAN BOUDREAUX (#254702)**                                  **CIVIL ACTION**

**VERSUS**

**JASON KENT, WARDEN**                                  **NO. 17-1280-SDD-EWD**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Petitioner, an inmate confined at the Dixon Correctional Institute ("DCI"), Jackson, Louisiana, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, complaining that his constitutional rights have been violated in connection with his conviction entered in 2011 in the Twenty-Third Judicial District Court for the Parish of Ascension, State of Louisiana. Petitioner contends that he was provided with ineffective assistance of counsel in numerous respects, resulting in the entry of a constitutionally deficient guilty plea to the offense charged.

Upon a review of Petitioner's application, it appears clear that he has not yet properly and fully presented his claims for review before the Louisiana appellate courts, including the Louisiana Supreme Court. Specifically, Petitioner alleges in the instant habeas application that he pleaded guilty to the offense charged, forcible rape, on April 18, 2011, and was sentenced on October 17, 2011 to thirty years in confinement. *See* R. Doc. 1-1 at p. 34. Petitioner specifically acknowledges that he did not pursue an appeal from either the conviction or sentence. *See* R. Doc. 1 at p. 1. He further acknowledges that he finally filed an application for post-conviction relief in the state trial court in December 2016, asserting the claims that are presented in this proceeding. *See* R. Doc. 1 at p. 2 and R. Doc. 1-1 at p. 33. According to Petitioner, the state trial judge issued a ruling denying the application in August

2017, finding it to be time-barred. *See* R. Doc. 1 at p. 4 and R. Doc. 1-1 at p. 33. Whereas Petitioner asserts that he thereafter filed a notice of intent to appeal that determination in the intermediate appellate court on September 12, 2017, *see* R. Doc. 1 at p. 4, he concedes that as of the filing of the instant federal habeas corpus application, he had received "no response yet" relative to that appeal proceeding. *See id.*

Based on the foregoing recitation, this Court concludes that Petitioner's application is subject to dismissal because of his failure to exhaust state court remedies relative to the claims asserted herein. In this regard, pursuant to 28 U.S.C. § 2254(b) and (c), a claimant seeking federal habeas corpus relief is required to first exhaust his claims by presenting them for review before the courts of the state in which he is confined. The exhaustion requirement is satisfied only when a petitioner's claims have been properly presented to the state's highest court, either on direct review or on post-conviction attack. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rose v. Lundy*, 455 U.S. 509, 522 (1982). As a general rule, federal habeas corpus relief is available on a habeas petition only when all of the claims in the petition have been exhausted through the state courts. *Rose v. Lundy, supra*, 455 U.S. at 510. Without reaching the merits of Petitioner's claims and without reaching his contention that the trial court erred in finding his post-conviction claims to be time-barred, it is clear from a review of his application and the attached exhibits that he has not exhausted state court remedies relative to his claims. Specifically, Petitioner has failed to assert that he has proceeded with a review of his claims before the intermediate appellate court or the Louisiana Supreme Court. To the contrary, he has apparently done no more than commence review proceedings before the intermediate appellate court, which proceedings are ongoing. Thus, it does not appear that Petitioner has pursued his claims to conclusion at all levels of appellate review, through and including the Louisiana Supreme Court. Further, Petitioner has essentially conceded this point in his application because he acknowledges therein that he has not yet completed the appeal process in connection with the denial of his post-conviction relief application.

Certificate of Appealability

Pursuant to statute, an appeal may not be taken to the federal court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although the petitioner has not yet filed a Notice of Appeal, this Court may nonetheless address whether he would be entitled to a certificate of appealability.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original).  In the instant case, the Court finds that reasonable jurists would not debate the denial of Petitioner's § 2254 application or the correctness of the procedural ruling.  Accordingly, it is appropriate that, in the event that Petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

RECOMMENDATION

It is recommended that Petitioner's claims be dismissed, without prejudice, for failure to exhaust state court remedies.  It is further recommended that in the event that Petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on January 11, 2018.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**